IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE W. NICKERSON, individually and on behalf of Class of Persons similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO BANK, Chief Executive Officer JOHN G. STUMPF, MICHAEL HARRISON, BEN WINDLUST, NATALIE TSAI, LUCAS LAW FIRM, PAUL J. LUCAS, DREW KAPLIN, and Does 1 through 10, inclusive,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　/ | No. C-10-01889 EDL<br><br>**ORDER CONSTRUING PLAINTIFF'S NOTICE OF DISMISSAL AS AN AMENDMENT TO COMPLAINT; DISMISSING PLAINTIFF'S AMENDED COMPLAINT WITHOUT PREJUDICE; AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS AND STRIKE** |

On April 30, 2010, Plaintiff Bruce Nickerson, individually and on behalf of Class of Persons similarly situated, filed this class action complaint against Defendants Wells Fargo Bank ("Wells Fargo") and their employees John Stumpf, Michael Harrison, Ben Windlust, and Natalie Tsai, ("Wells Fargo Employees") alleging violation of the federal Troubled Asset Relief Program ("TARP") and misuse of TARP funds. See 12 U.S.C. § 5211, et seq. Plaintiff also alleges individual and class state law claims of legal malpractice and fraud against Lucas Law Firm and their lawyers Paul Lucas and Drew Kaplin.

Defendants Wells Fargo and Wells Fargo Employees ("Defendants") filed a motion to dismiss and strike on July 13, 2010. Defendants Lucas Law Firm and their lawyers have not joined this motion and have not appeared in this case. On August 6, 2010, Plaintiff filed a motion for a continuance due to a trip out of the country. The Court granted in part and denied in part Plaintiff's

motion, continuing the motion to October 12, 2010, and requiring Plaintiff to file an opposition to Defendants' motion by August 25, 2010. On August 25, 2010, Plaintiff filed a response to the motion to dismiss and a notice of dismissal, seeking to dismiss his federal claims. On September 8, 2010, Defendants filed their reply. Because this matter was appropriate for decision without oral argument, the Court vacated the October 12, 2010 hearing. For the following reasons, the Court construes Plaintiff's Notice of Dismissal as an amended complaint dismissing all federal claims, dismisses Plaintiff's amended complaint for lack of federal subject matter jurisdiction, and denies as moot Defendants' Motion to Dismiss.

## 1.     DISMISSAL OF FEDERAL CLAIMS

In his complaint, Plaintiff states two federal claims based on TARP. See Compl. at 15-17. Plaintiff's first cause of action against Wells Fargo and their employees, is for violation of the TARP act by failing "to negotiate in good faith with Plaintiff, and members of the Plaintiff Class after receiving TARP funds." Compl. at 15-16. Plaintiff's second cause of action against Wells Fargo and their employees, is for misuse of "taxpayer funds by hoarding TARP funds and willfully refusing to renegotiate mortgages . . . ." Compl. at 16-17.

In his August 25, 2010 notice of dismissal, Plaintiff states: "Plaintiff having done further research believes that he does not have a Federal Cause of action, and so pursuant to Rule 41(a) will dismiss his Federal causes of action against defendant Wells Fargo only. He urges the court to retain jurisdiction over the pendent state actions against Lucas et al." Pl.'s Not. at 1-2. However, Rule 41(a) cannot be used to dismiss individual claims in a complaint:

> In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by Fed.R.Civ.P. 15, which addresses amendments to pleadings. See Ethridge v. Harbor House Restaurant, 861 F.2d 1389 (9th Cir.1988). As we noted in Ethridge, "a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint." Id. at 1392. Instead, we agreed with two of our sister circuits that " Federal Rule of Civil Procedure 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.' " Id. (quoting 5 J. Moore et al., Moore's Federal Practice ¶ 41.06-1, at 41-83 to -84 (1987)) (alteration in original); see also Gen. Signal Corp. v. MCI Telecomms. Corp., 66 F.3d 1500, 1513 (9th Cir.1995) ("[W]e have held that Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims." (citing Ethridge, 861 F.2d at 1392)); Gronholz v. Sears, Roebuck & Co., 836 F.2d 515, 518 (Fed. Cir. 1987).

Hells Canyon Preservation Council v. United States Forest Serv., 403 F.3d 683, 687-88 (9th Cir. 2005). Therefore, Plaintiff's dismissal of his federal claims pursuant to Rule 41(a) was ineffective.

However, the Court construes Plaintiff's voluntary dismissal of his federal claims as an amendment to his complaint. See Gronholz, 836 F.2d at 518 (construing plaintiff's dismissal of an individual claim as an amendment to the complaint). Amendments pursuant to Federal Rule of Civil Procedure 15(a) are liberally granted. Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987) ("Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality") (internal quotations and citations omitted). Thus, Plaintiff's amended complaint states only state law claims against the Lucas Law Firm Defendants.[1]

## 2.   LACK OF FEDERAL SUBJECT MATTER JURISDICTION

Plaintiff's complaint was based on federal question subject matter jurisdiction under 28 U.S.C. § 1331. Because only state law claims remain in Plaintiff's amended complaint, there is no basis for supplemental jurisdiction over the remaining state law claims.[2] See Pintando v. Miami–Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) ("In this case, once the amended complaint was accepted by the district court, the original complaint was superceded and there was no longer a federal claim on which the district court could exercise supplemental jurisdiction for the remaining state law claims."); Robinson v. Bank of America, NA, et al., 2010 WL 1729317 (N.D. Cal. April 27, 2010) ("When a plaintiff seeking to invoke a federal forum voluntarily dismisses claims forming the basis of federal jurisdiction, the court must determine its jurisdiction based on the amended complaint. Where . . . the amended complaint fails to state any

---

[1] Even if Plaintiff intended to dismiss only some of his federal claims based on TARP, there is no private right of action against the recipients of TARP funds. See Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1185 (N.D. Cal. July 9, 2009) (finding no express or implied private right of action against TARP fund recipients, and holding that: "Plaintiff's claims may not be based on the theory that Defendants violated the intent and purpose of TARP"). Thus, even if Plaintiff's dismissal is construed as retaining TARP claims against the individual Wells Fargo Defendants, amending of the complaint to retain those claims would be futile.

[2] In Plaintiff's response to Defendants Wells Fargo and Wells Fargo Employees' motion to dismiss, Plaintiff asserts that he "perhaps should have included as a cause of action a state claim under [Cal. Civ. Code] C.C.P. § 2923.5 or 2923.6. Plaintiff would urge this court to permit him to amend this complaint to add this state action and pray this court to exercise its pendent jurisdiction." Pl.'s Res. at 1-2. Even if Plaintiff included these state law claims, this would not provide a basis for federal question jurisdiction.

3

basis for federal jurisdiction, the court must dismiss the case.") (citing Schwarzer et al., <u>Federal Civil Procedure Before Trial</u>, § 2:91.5 (Rutter Group); <u>Wellness Community-National v. Wellness Community</u>, 70 F.3d 46, 49 (7th Cir. 1995)).  Therefore, the Court dismisses Plaintiff's amended complaint without prejudice.  Defendants' motion to dismiss is denied as moot.

**IT IS SO ORDERED.**

Dated: October 12, 2010

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge